and L. Appellants. Ms. Royce for the appellants, Ms. Kelly for the appellate. May it please the Court, I'm Sylvia Royce here on behalf of William Farrell, but also of all the other appellants. To my right is Alan Orenberg who represents Nathaniel Law and to his right is Christine Pembroke who has represented Mr. Fletcher in the Court of Appeals. All of us were new to the case with this appointment. We didn't represent appellants in the trial court or in the first case that was before this court in 2008. We appear here today with clients who are in one case 70 years old, a second client is in his 60s, a third client is in his 50s. They have all been sentenced to very lengthy terms. My client, Mr. Farrell, is serving a sentence of 262 months. The clients of the other attorneys here are serving life without parole. And we are here after a resentencing that was ordered by the court in 2008 for each of the three appellants. The life sentences were reaffirmed as to Mr. Law and Mr. Fletcher. Mr. Farrell's sentence was reduced to a certain degree. The overarching problem that goes for all three appellants has to do with the calculation of the sentencing guidelines and the court's disregard of the Supreme Court law requiring that all sentencings begin with a calculation of the guidelines. But before I get too far into that argument, it's imperative that I bring another matter to the court's attention and it has to do with the situation of Carol Fletcher, the third appellant. Ms. Pembroke and I, as we were putting the argument for Mr. Fletcher together yesterday evening, discovered that there is a serious flaw in the record in that the 1977 conviction that was proffered on remand from this court and before Judge Roberts, that 1977 conviction, which I think is at, it is in one of the government's own pleadings. Is it SA39? Yes, sir. That would be in the supplemental appendix for appellee. It is also at special appendix number five. We saw that neither of us had a second page of that judgment and therefore the judgment is, it isn't even a judgment because the key elements of a judgment include having a signature and certainly the name of the sentencing judge. Anyway, as it was filed on Pacer in the district court, it has only this one page. And as it has appeared in the record here before this court, it has only this one page. We've discussed this matter this morning with our opponents. They believe that the record that was actually proffered to Judge Roberts had the second page and therefore the judge had the full 1977 judgment. I don't believe that is so because I think for the most part district court judges work off of what is filed on Pacer. I think, although they can pull up the paper records, I don't think that they necessarily do every time. And I would like to ask the court to remand for a factual finding on the part of Judge Roberts as to what he believes was actually before him in 2008 and forward as he went to sentence Mr. Fletcher and for further briefing if the factual record supports it as to whether that is legally sufficient because the one page certainly wouldn't comply with Rule 32 of the Federal Rules of Criminal Procedure and it certainly would not comply with the repeat offender statute at 21 U.S. Code 851. So I'd like to put aside Mr. Fletcher's further arguments at this point while we address that threshold point. I very much regret that it was not caught earlier. The problem was that the record was just so voluminous that each of the attorneys concentrated on their own clients and we just did not see until we got to putting all the records together, a single argument, that there was this extraordinary problem. Where's the second page rule that you're referring us to? Rule 32 of the Federal Rules of Criminal Procedure specifies that a judgment must include the charges of which the defendant was found guilty or pleaded guilty and the sentence that was And also the judge's signature must be on a judgment. And the recidivism rule that requires that a judgment be filed? There is no requirement in the recidivism rule per se. It is in this Court's 2008 opinion. I believe it appears on page 911 of So you're saying that there's a problem with our original remand, that our original remand wasn't satisfied? Is that your argument? Yes, Your Honor. That's your only argument. No, Your Honor, that's not my only argument. No, your only argument about this issue. On this issue. Yes, the Court's directions, I believe it was a different panel. Yeah, it was. There was a question about whether the repeat offender papers were sufficient the first time this case was before the Court. And the Court said, rather than decide that issue, that is, as to whether a docket sheet is sufficient proof, since we have to remand the case anyway for resentencing a Fletcher as well as the other two appellants, and the government has represented an oral argument that it could get or it had, I cannot remember which, a copy of the judgment and commitment order will let the government basically shore up its proof on remand as to this issue. If we conclude that this argument has something to it, why shouldn't we further conclude that it's really too late for us to do anything about it when you bring it up for the first time in an oral argument? It doesn't mean I don't understand the problem with not finding it, but nonetheless, the fact is you didn't bring it up. That is correct, Your Honor. It would have to be evaluated on a plain error, against a plain error standard. I think we could make that plain error standard under United States v. Olano, but... What is the ultimate question is prejudice, but the first question is, is your suggestion that this is a fake document from the U.S. District Court? No, sir, I'm not, I would never suggest... I don't think you've made the error plain at this point. All we know is you don't have prejudice. We don't... That's one of the reasons why we don't consider arguments to come in this way. We can't tell if they're wrong or not. I understand the court's position, and I apologize very much for being the person who has had to address this case in this way, but not only do we, counsel, not have the second page, but the court does not have the second page. Why is that? I'm not sure, again, why that matters. Imagine there is a second, I assume you think there is a second page somewhere, or do you think that the judge never signed? Is that what you think? I think there probably was a second page. I think it was probably correctly executed, but it was, I think it was not before the District Court at the time that he declared that these repeated... And it's simply lacking the second page. The second page exists. I don't see where the prejudice is in that. There is profound prejudice, Your Honor. The defendant is entitled... There's a very rigid set of requirements under 21 U.S. Code 851. If the court considered exactly the right thing, but it was in a bad copy of the actual document, I don't see prejudice. Well, we don't know whether that is, in fact, the case, Your Honor. What is the provision of 851 that requires the second page to be filed? Well, let's see if I got that here. Addendum 33. 851 requires first that the United States Attorney file the information before trial or plea. Which they did. Yes. Yes. That just is a written document as to the convictions it intends to rely on. That's not the proof of the convictions. Yeah, where is the proof of the conviction? The proof of the convictions comes before sentencing. Sometimes this is handled at the same time. Is that an 851? Yes, sir, it is. Where? It is 851 B and C. Yeah. In the case of Mr. Fletcher, he denied the previous convictions. And so we went to C, which was the written response and the production of evidence of the prior convictions. And we don't know whether the judge had the full judgment before him. I would consider that to be a very profound error. Well, it's only profound if you have some reason to think that the second page is going to be different than the first page. This is signed at the bottom by Everett Saunders. Is that the name of a judge? No, Your Honor. What is that? That is part of what happened here. Yvette Saunders has never been a judge of the United States District Court for the District of Columbia. She is an employee of the clerk's office for the District Court. She handles many criminal matters. I have dealt with her previously. But we all made, or at least some of us made, the same mistake Your Honor seemed to be approaching, which was to think that perhaps she was the judge and that concluded. And therefore, this was a one-page judgment. But it isn't a one-page judgment. It's got to have more than one page because it's got to have a signature of the judge. It's not a judgment if it doesn't have it. All right, we'll wait and hear what the government says. Thank you. You want to keep talking about your other issues, right? I think that would be prudent. Thank you. We did talk and we all three addressed the issue of the failure of the trial court to calculate the sentencing guidelines. I recognize that the sentencing guidelines have become advisory rather than mandatory. And they say they failed with respect to the two that got mandatory life, right? Yes, sir. Are you raising that argument for them? Yes, sir. Because there's a statute that required mandatory life. Why does the guidelines matter with respect to those two? I think the guidelines have to still matter, as the court puts it, because of the Supreme Court law that says we will begin every sentencing with a calculation of the sentencing guidelines. One has to understand what the guidelines are. Perhaps they're going to be trumped. They're going to be superseded. Why do you have to understand what the guidelines are if the judge has no choice? You agreed and, in fact, the counsel agreed below that the judge had no choice. Yes. So imagine there was error again. What's the prejudice if the judge has to, by statute, impose the mandatory minimum? Well, it certainly matters as to Farrell, correct? I get that with Farrell, but what about the other two? And as to the other two, you are correct in your reasoning that, of course, if the mandatory minimum, the life papers, are going to trump the guidelines, that is the sentence the person is going to receive. But it still seems to me that the court was not at liberty to ignore Supreme Court directives. That's what I'm saying. Imagine that the court erred. Yes. What's the prejudice? I would be hard put to say what the prejudice is. Okay. Now, as to Farrell, the argument is a little bit different because he didn't get mandatory minimum, right? He did not. Well, he was... He didn't get the life minimum. He did not have life papers filed against him. He had a different kind of 851 filed against him, which made a sentence of 240 months compulsory. So when you say that the judge didn't do a calculation for Farrell, I'm looking at page 26 of the transcript, which is page 209 of the joint appendix. It says, I do incorporate by reference all of my comments about these factors that I made at your original sentencing. And then it says, the one change is that your guideline range today is a lower range of 262 to 327 than I found back then to be more fair and just. Why isn't that a guideline calculation? Because if you look back to what he said in 2005, he didn't really calculate the guidelines there either. The real... He said, let me just... so we're on the same page. What he said then is at JA 97, and he says, in this case, if the disparity were even, the base offense reflected in paragraph 39 of the most recently revised pre-sentence report for the 1.5 kilos of crack cocaine plus 15 grams of cocaine would be 34, producing a total offense level of 38 with a criminal history category of 2. The guideline range would be 262 to 327. Why is that not a calculation of the guideline range? Because he never said anywhere from where he drew the inference that a plus 4 for leader organizer... Ah, ah. I understood that to be a separate argument. I thought you had one argument that he never calculated the guidelines at all, and then you have a second argument about miscalculating or not calculating the leader part. Yes, Your Honor. But you agree that the first argument, that he never calculated guidelines at all, that's not right. He calculated it. You say he calculated it wrongly based on the leader organizer. Am I got that right? No. That's probably a fair statement, Your Honor. I don't think that he did the sort of textbook... Well, he tells you exactly what the range is, and he tells you exactly how he got the level, and he got the criminal history category. That's textbook. It may be wrong, but it's certainly textbook. No, Your Honor. I think technically what he has to do is identify a base offense level, allow the parties to discuss whether there's going to be a role enhancement or a diminution... That's a different argument. That's an argument that he miscalculated, he didn't do everything he needed. But the argument you made in your brief, which is that he just didn't calculate it at all, that was your argument in the brief, and that's not correct. You are correct that he identified a total offense level and a criminal history category. Okay. Now, let's talk about the leader organizer problem. So the jury decided he was a leader organizer, right? Yes. Beyond a reasonable doubt. Well, they made the conclusion that he was a leader organizer. They submitted that as a special verdict. Yes. And it is correct that they would have decided that beyond a reasonable doubt. And the district judge only finds by preponderance. But the district judge under Quigley and the cases that are cited in Quigley and the cases that then follow Quigley are very strict. What's the difference, do you see, between what the district court was required to do and what the jury actually did? There are a number of factual findings that have to stand behind... And what are they? The nature of participation in the commission of the offense, the recruitment of accomplices, the right to a greater share of the fruits of the charge crime, the degree of participation in planning or organizing, the nature and scope of the illegal activity, and the degree of control and authority, right? Thank you. Yes. No problem. But the reason I know this so perfectly is because that is exactly what the district court instructed the jury. So on January 19, 2005, at 1.32 p.m., on page 30 of the jury instructions, the judge said, You must now unanimously determine whether the government has proven beyond a reasonable doubt that Mr. Farrell was an organizer or leader of criminal activity that involved five or more participants. In distinguishing a leader or organizer from a mere manager or supervisor, factors you should consider include exactly the ones I just read to you, which he obviously stole from Quigley and pasted into his jury instruction. Now, want to give up on this argument? I did not have the jury instructions. I only have them because I went and looked for them. But they were filed August 12, 2005. They're in the record. Very well. Very well. Okay. Are there further questions that I can address? I think I'm way over my time at this point. Are there? Thank you. Can we hear from the government? And particularly, can you begin with the 1977 conviction issue? Certainly, Your Honor. May it please the Court. Catherine Kelly on behalf of the United States. In regard to the 1977 convictions, we did file a certified copy of the 1977 judgment for Mr. Fletcher with the district court. At the June 5, 2013, resentencing hearing for Mr. Fletcher, the court said that it had, that the government had filed a certified copy of the 1977 judgment commitment order. That's at the Joint Appendix by Appellants. Do you have what you filed? Your Honor, what I have is what was apparently what came through on ECF, which is what I filed with the record. So it's just the first page? I don't believe there's a second page. What I think happened here is that this first page is a legal length document. Ah. So when it went through, I can certainly represent that I tried to shrink it down, but I think what happened is when it was actually filed electronically that the signature didn't come through. Do you have the long page? I have a certified copy that we were able to get from the clerk's office this morning. Does it have the judge's signature on it? It does have the judge's signature on it. Have you shown it to Ms.? I did show it to Ms. Royce before the argument this morning. Could you hand it up to me for a moment? Certainly, Your Honor. Thank you. Judge Parker, Barrington Parker? Correct. Let me just pass it to my colleagues real quick. Just a second. That's a long time ago. Yeah. So I believe what must have happened is just in the electronic filing, I didn't shrink it small enough and it cut off the judge's signature. But as for any other requirements under Rule 32, it does show the charges on which he was found guilty, which were possession with intent to distribute a controlled substance, and also gives the sentence that Mr. Fletcher was committed to the custody of the attorney general under the Federal Youth Act. So we believe there's no need for remand, because as the district court noted at Mr. Fletcher's resentencing, the government had filed a certified copy of that judgment. Before I forget, since this is the one with the – oh, this is one that our current clerk has – do you want this back and can you give me a copy or do you want the court to have a copy? I'm happy with the court having that copy, Your Honor. I would just note, though, that Yvette Saunders had signed the copy that's in the supplemental appendix for the government, which was filed in the district court. So for those reasons, there is no reason to remand the case to yet again present the conviction from 1977. The district court did find that the government had proven beyond a reasonable doubt that Mr. Fletcher was convicted as alleged in the Section 851 notice, and we believe given what the district court – or rather this court said in the direct appeal, that by filing that copy of the 1977 judgment, that we fulfilled what was necessary to require the district court to count that 1977 conviction as a prior felony drug offense. If Your Honor has further questions on that, I'm happy to respond. But I would like to turn now to the sentencing guidelines calculations. All three guidelines calculations were done appropriately in this case for Mr. Law, Mr. Fletcher, and Mr. Farrell. As defense counsel here stated, there really isn't any prejudice or rather what Your Honor stated since there's a mandatory life sentence under Section 841 for Mr. Law and Mr. Fletcher, even if there had been some sort of procedural problem with the guidelines calculations for Mr. Law and Fletcher, there is no prejudice in this case. And of course we are on plain error review because no one objected to the guidelines calculations in the district court. Additionally, Mr. Farrell, there's no – in addition to the fact that everybody agreed to the guidelines calculations and had no objections to the revised PSRs at the resentencing, the court properly, following this court's Ventura case, accepted all the undisputed portions of the revised PSRs which did contain guidelines calculations. The district court accepted those under Federal Criminal 32 as factual findings. And so for those reasons the court did make sufficient findings. The court also at resentencings, each one, hearkened back to the reasoning it put on the records at the original sentencing of why it was imposing the sentences it did. Now, turning to any sort of alleged prejudice in regard to Mr. Farrell, he wasn't subject to a mandatory life sentence under Section 841B. However, at the resentencing proceedings and particularly in the memos that his attorney filed on April 3rd, 2013, preceding the resentencing, Mr. Farrell's attorney said there was no material factual error omission in the guidelines calculations for Mr. Farrell. And additionally, the attorney sought a 240-month sentence or alternatively a 262-month sentence, which was at the low end of the guidelines range for Mr. Farrell. And in this case, Mr. Farrell indeed was sentenced to an aggregate term of 262 months, which is exactly what his alternative request was. So even were there some sort of procedural error, there is no prejudice in this case. As to the four-point enhancement that Mr. Farrell received for being a leader or organizer, as Your Honor has pointed out, correctly citing the jury's special verdict instructions on the 19th of January, 2005, it's clear that the court was instructing in language that follows the guidelines on the four-point enhancement, which is what Mr. Farrell received. That was also in the government's indictment tract language that would equate to a four-point increase in his sentence for being a leader and organizer. And additionally, on the 19th of January, 2005, the government made additional argument making it clear that we were talking about a four-point enhancement. For instance, he was arguing that there were at least seven participants in the drug conspiracy that the government could point to. So for all those reasons, it's clear that there really isn't anything more that the district court needed to say at resentencing regarding the four-point enhancement. The jury had found beyond a reasonable doubt that there were sufficient facts to find that the four-point enhancement following the Quigley factors applied, and for that reason appropriately applied the four-point enhancement. And again, that was yet another part that was not objected to at sentencing. Questions from the bench? I respectfully request that you affirm the judgments of the district court. Thank you, Your Honor. We guessed that that was the disposition you wanted. Yes, Your Honor. Thank you. All right. Is there any time left? We'll give you another minute. To be sure, this is not an easy case for defense counsel, but the judgment that was filed to satisfy the requirements for life papers is totally different than the judgment that has been handed up to the bench today. If you look at S.A. 5, you will see what was filed on ECF. That is one page. It is not legally sufficient. We submit that Mr. Fletcher's case should be remanded. Just so I understand, the government represents that the physical document was actually also submitted, and your argument is just that it wasn't also submitted? I don't know, Your Honor, and I don't think that that is what my opponent said. Well, maybe I misunderstood. I believe that it was filed by ECF, and I do not believe that it was. But I could be wrong on that. I'm hesitant to really get out on another limb on this. I wasn't present. We discovered this very late in the proceedings. I'm very sorry for that, but it seems to me that for somebody who is serving life in prison with no possibility of release, we need to be sure that the papers were handled correctly and that the correct materials were before the judge when he imposed the sentence. And if there are no further questions, I will. Okay, thank you very much. Ms. Royce, Ms. Pembroke, and Mr. Ornberg, you are all appointed by the court to represent your clients. You have ably done so, and the court is grateful for your assistance. Thank you. We'll take the matter under submission.
judges: Garland, Edwards, Sentelle